IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GEORGE REYNOLD EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| OFFICER J.K. GRIFFIN; KEN MILLER, CHIEF OF GREENSBORO POLICE DEPARTMENT; MAYOR ROBBIE PERKINS; CITY COUNCIL; CITY MANAGER; CITY OF GREENSBORO, NORTH CAROLINA, | ) ) ) 14CV1091 ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant City of Greensboro's Motion to Dismiss for Improper Venue, Insufficiency of Service of Process, and Lack of Personal Jurisdiction (Doc. #25[1]), Defendant Officer J.K. Griffin's Motion to Dismiss for Improper Venue (Doc. #27), Plaintiff's

---

[1] The motion filed as docket number 25 and its corresponding memorandum in support filed as docket number 26 are identical to the motion filed as docket number 27 and its corresponding memorandum in support filed as docket number 28, respectively. Further, the motions and briefs are entitled as though they are, in part, being presented on behalf of both defendants. (E.g., Docs. #25 & 27 "Defendants City of Greensboro and Officer J.K. Griffin's Motion to Dismiss for Improper Venue, and Defendant City of Greensboro's Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction.") Nevertheless, they are considered to have been docketed as separate motions on behalf of distinct defendants.

Motion to Reconsider Order (Doc. #32), Plaintiff's Motion for Summary Judgment (Doc. #38), and Plaintiff's Motion to Expedite (Doc. #46). The motions have either been briefed or the time to do so has expired, and they are ripe for review. For the reasons stated below, Defendant City of Greensboro's Motion to Dismiss for Improper Venue, Insufficiency of Service of Process, and Lack of Personal Jurisdiction is DENIED IN PART AS MOOT AND DENIED IN OTHER PART WITHOUT PREJUDICE, Defendant Officer J.K. Griffin's Motion to Dismiss for Improper Venue is DENIED AS MOOT, Plaintiff's Motion to Reconsider Order is DENIED, Plaintiff's Motion for Summary Judgment is DENIED, and Plaintiff's Motion to Expedite is DENIED AS MOOT.

I.

Mr. Evans filed this case in the Eastern District of North Carolina, alleging violations of 42 U.S.C. § 1983. (Doc. #5.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge recommended ("Recommendation") dismissing Mr. Evans' claims against all defendants except the individual capacity claims against Defendant Griffin and all claims against the City of Greensboro (sometimes referred to as "the City"). (Doc. #4.) The copy of the Recommendation mailed to Mr. Evans was returned as undeliverable, and soon thereafter, he notified the Court of circumstances delaying his

2

ability to respond. (Doc. #10 (explaining that he "was shot over thirty (30) times and [had] been in the hospital").) He then notified the Court of his change of address to central prison. (Doc. #11.) In light of issues bearing on Mr. Evans' ability to object timely to the Recommendation, he was afforded an extension of time within which to file any objection. (Doc. #13.) The day his objections were due, Mr. Evans notified the Court of a change of address to the Onslow County jail. (Doc. #16.) As a result, the Court further extended the time within which Mr. Evans could timely file objections to August 6, 2014. (Doc. #18.) Mr. Evans filed no objections, and the Court adopted the Recommendation, dismissed all claims against Police Chief Miller, Mayor Perkins, the City Manager, and the City Council, and the official capacity claims against Defendant Griffin, and permitted the individual capacity claims against Defendant Griffin and all claims against the City of Greensboro to proceed. (Doc. #19.) Mr. Evans then served Defendant Griffin and the City of Greensboro (collectively "Defendants"). (Docs. #22, 23, 24.)

II.

Defendants both moved to dismissed for improper venue. (Docs. #25, 27.) In response, the Eastern District of North Carolina ordered the case transferred to the Middle District of North Carolina on December 30, 2014,

3

and declined to rule on the remainder of Defendants' motions to dismiss or Mr. Evans' pending motions. (Doc. #41.) Because the action has now been transferred to the Middle District of North Carolina, the court that Defendants sought as the proper venue, the motions to dismiss for improper venue are denied as moot.

III.

Defendant City of Greensboro also moved to dismiss for insufficiency of service of process and lack of personal jurisdiction (Doc. #25), because, when Mr. Evans attempted to serve the City, he served the city attorney (Doc. #22). Rule 4(j)(2) of the Federal Rules of Civil Procedure instructs a plaintiff suing a city that he "must" either serve a copy of the summons and the complaint on its chief executive officer or in the manner prescribed by state law for serving process on such a defendant. Fed. R. Civ. P. 4(j)(2)(A), (B).

The City of Greensboro's administrative head is the city manager (Doc. #26-3, Greensboro, N.C., Code of Ordinances ch. IV, art. 1, § 4.12), whom the City argues is its chief executive (Doc. #26 at 6 n. 2). In the alternative, North Carolina requires that a plaintiff suing a city serve a copy of the summons and the complaint on the city's mayor, city manager, or clerk. N.C.R. Civ. P. 4(j)(5)a. This statutory list of parties to be served is

4

exclusive, and "service upon anyone other than the mayor, city manager, or clerk is insufficient to confer jurisdiction over a city." Washington v. Cline, 761 S.E.2d 650, 661 (N.C. Ct. App. 2014). Therefore, to serve the City of Greensboro properly, Mr. Evans would had to have served a copy of the summons and complaint on the City's city manager, city mayor, or clerk.

Mr. Evans served none of these individuals, but instead served the city attorney. (Doc. #22.) Although this is not a sufficient method of serving the City under either the Federal Rules of Civil Procedure or the North Carolina Rules of Civil Procedure, Mr. Evans made a good faith effort to effectuate service and the City would not be prejudiced if he were given an opportunity to obtain a new summons and properly serve the City. See Thompson v. Hanson, No. 4:13-CV-194-BR, 2014 WL 5810231, *2 (E.D.N.C. Nov. 7, 2014) (finding that service on a state official was insufficient under the Rules of Civil Procedure, but, because of the plaintiff's good faith effort at service, allowing her to obtain a new summons and properly serve the defendant). Therefore, the City of Greensboro's motion to dismiss for insufficiency of service of process and lack of personal jurisdiction is denied without prejudice, and Mr. Evans will be allowed an opportunity to obtain a new summons and properly serve the City according to Rule 4(j)(2) of the Federal Rules of Civil Procedure or Rule 4(j)(5)a. of the North Carolina Rules

5

of Civil Procedure. Should Mr. Evans not properly serve the City, the motion may be refiled.

IV.

Mr. Evans has filed what the Court construes as a motion for reconsideration of either the Magistrate Judge's "Order and Memorandum and Recommendation" or the Court's Order adopting the Magistrate Judge's Recommendation. (Doc. #32.) Although Mr. Evans did not title his filing, he refers to his document as a "reply to the order memorandum and recommendation." As detailed above, the Magistrate Judge issued his Recommendation, and, as a result of circumstances possibly affecting Mr. Evans' ability to object timely to the Recommendation, the deadline for objections was extended several times and finally to August 6, 2014. Although Mr. Evans had communicated with the Court during the interim period, he never filed objections to the Recommendation. After review of the Recommendation, the Court adopted it and dismissed all claims except the individual capacity claims against Defendant Griffin and all claims against the City of Greensboro. On October 6, 2014, Mr. Evans filed his purported reply to – or motion to reconsider – one of the Orders.

Construing Mr. Evans' filing as a motion to reconsider an order or a motion for relief from an order pursuant to Rule 60 of the Federal Rules of

6

Civil Procedure, nothing in either the Magistrate Judge's Order or the Order adopting the Recommendation supports a finding that Mr. Evans should be relieved from either Order. See Fed. R. Civ. P. 60 (listing reasons for relief as (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that could not have been discovered in time with reasonable diligence, (3) fraud, misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, or (6) any other reason that justifies relief).

Even if Mr. Evans' filing were considered an objection to the Recommendation, not only is it untimely, but there is no reason that adoption of the Recommendation was improper. Pursuant to 28 U.S.C. § 636(b)(1), a district court "shall make a de novo determination" of the portions of the Recommendation to which specific objection is made. An objection is specific if it "reasonably . . . alert[s] the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). On the other hand, a district court need not conduct a de novo review "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.

1982). In this case, because Mr. Evans is pro se, his objections would "be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). A de novo review of the Recommendation reflects that its adoption was proper. Therefore, Mr. Evans' motion to reconsider either Order is denied.

V.

Mr. Evans has also filed a motion for summary judgment. (Doc. #38.) Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the time of filing, his motion was not accompanied by a brief, as the Court's Local Civil Rules require. See L. Civ. R. 7.3(a). Failure to file a brief "shall constitute a waiver of the right thereafter to file such brief . . . except upon a showing of excusable neglect," and "[a] motion unaccompanied by a required brief may, in the discretion of the Court, be summarily denied." Id. at R. 7.3(k). In addition, at the time he filed his motion, Mr. Evans neither presented evidence in support of his motion, as the Federal Rules of Civil Procedure require, nor filed a motion for an extension of time to file supporting documents. See Fed. R. Civ. P. 56(c); L. Civ. R. 7.3(e), (g).

8

After Defendants filed their brief in opposition to Mr. Evans' motion, he filed a brief, with attachments, and an affidavit nearly two months after he filed his motion (Docs. #44, 45). Among the documents attached to the brief were police reports, a pharmacy record, and a motion to suppress. The affidavit is Mr. Evans' sworn statement of his argument. While not determinative of the issue before the Court, there has been no discovery in this case pending Defendants' motions to dismiss. In sum, there are no facts properly before the Court on which to base a finding of summary judgment for Mr. Evans. Furthermore, he seems to ask the Court to consider certain issues of fact, rather than find that there are no genuine issues of material fact. (See Doc. #44 at 1 ("This is fact of genuine issue."); Doc. #45 at 1 ("That there is genuine issue of facts.").) Therefore, Mr. Evans' motion for summary judgment is denied.

## VI.

Most recently, Mr. Evans filed a motion to expedite the then-pending motions. (Doc. #46.) Those motions are all addressed in this Order. Mr. Evans' motion to expedite is, therefore, denied as moot.

## VII.

For the reasons stated herein, IT IS HEREBY ORDERED that Defendant City of Greensboro's Motion to Dismiss for Improper Venue, Insufficiency of

9

Service of Process, and Lack of Personal Jurisdiction (Doc. #25) is DENIED IN PART AS MOOT AND DENIED IN OTHER PART WITHOUT PREJUDICE, Defendant Officer J.K. Griffin's Motion to Dismiss for Improper Venue (Doc. #27) is DENIED AS MOOT, Plaintiff's Motion to Reconsider Order (Doc. #32) is DENIED, Plaintiff's Motion for Summary Judgment (Doc. #38) is DENIED, and Plaintiff's Motion to Expedite (Doc. #46) is DENIED AS MOOT. Within thirty days of the date of this Order, Mr. Evans is DIRECTED to submit to the Clerk for issuance a properly completed summons for the City of Greensboro. After the Clerk issues the summons, pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure, the U.S. Marshal is DIRECTED to make service of the summons and complaint.

This the 22nd day of September, 2015.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge